ALBERT E. HECTOR *vs.* BOSTON ELECTRIC LIGHT COMPANY.

Suffolk.   January 19, 20, 1899. — September 7, 1899.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries by Contact with Wire charged with Electricity — License — Action.*

If a lineman employed by a telephone company is injured by contact with an uninsulated wire charged with electricity belonging to an electric lighting company, while upon the roof of a building, and intending to go upon an adjoining building, for the purpose of affixing a wire of the telephone company to a standard erected on the roof of that building by the electric lighting company, in an action against the latter company for his injury, it is not enough to show that the defendant had reasonable cause to expect that the plaintiff in the discharge of his duties would go, rightly or wrongly, upon roofs covered by its wires, but he is bound to show that the defendant had invited or licensed him to go where he was when he was injured.

TORT, for personal injuries occasioned to the plaintiff, who was a lineman in the employ of a telephone company, by contact with a wire charged with electricity belonging to the defendant on the roof of the building No. 41 Temple Place in Boston, while he was upon that roof and intending to go upon an adjoining building, No. 45 Temple Place, for the purpose of affixing a wire of the telephone company to a standard erected on the roof of that building by the defendant. After the former decision, reported 161 Mass. 558, the case was tried in the Superior Court, before *Mason*, C. J., who ruled that the plaintiff could not recover, and directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts material to the point decided appear sufficiently in the opinion.

*S. L. Whipple & W. M. Noble*, for the plaintiff.

*E. W. Burdett & C. W. Snow*, for the defendant.

MORTON, J.   After the former decision in this case, reported in 161 Mass. 558, the plaintiff amended his declaration by adding an allegation that the defendant was wrongfully maintaining its wires over 41 Temple Place, without any right or permission from the owners or occupants thereof, and went to trial on the declaration as thus amended.   At the conclusion of the plaintiff's evidence the learned Chief Justice of the Superior Court ruled that the plaintiff could not recover and directed a verdict for the defendant.   The case comes here now on the plaintiff's exceptions to this ruling and order.   The plaintiff contends that the evidence at the last trial differed favorably to him in material respects from what it was at the former trial, and therefore that the grounds on which the court decided that case are not applicable to this.   But while it is true that there are some differences, we do not think that they affect the substantial grounds on which the decision in that case was placed. Those grounds were, in brief, that the defendant owed no duty to the plaintiff to have its wires properly insulated at the place where he was injured, or to have them supported so far above the roof of No. 41 that the plaintiff would not come in contact with them, and that the defendant was not required, for the protection of the servants of the telephone company, to maintain an effectual insulation of its wires over other buildings than that on which the standard was placed at places where the defendant had no reason to expect that they would go in using its standard, and where the defendant had neither invited nor licensed them to go.

It was assumed in the opinion that the defendant had permitted the telephone company to use its standard on building No. 45 Temple Place, and that the plaintiff, as the servant of that company, had an implied license through the defendant from the owner or occupant to go upon the roof of No. 45 and attach telegraph and telephone wires to the standard.   The fact, if it was a fact, that the right of the telephone company to attach its wires to the standard was somewhat greater than it was there assumed to be, does not affect the principle on which that case was decided.   That case turned not on the nature of the right which

the telephone company had to attach its wires to the standard, but on the duty, if any, which the defendant owed to the plaintiff at the place where he was injured. Neither, we think, for the same reason does it make any difference that the plaintiff was not sent to attach a wire to the standard on No. 45 Temple Place, but was sent over into Temple Place to find a suitable route and a suitable series of fixtures for the wire that was to be run; nor that he was not stooping under a group of wires when hurt; nor that the defendant, not long before the accident to the plaintiff, had acquired a joint interest with the telephone company in the fixture on building No. 34 Temple Place. The plaintiff does not contend, as we understand him, that there was any evidence tending to show that the defendant wrongfully maintained its wires over No. 41 Temple Place. The most that he contends for in that regard is that its rights were no greater than those of the telephone company to maintain its wires over the same building. He assumes, and we think rightly upon the evidence, that the telephone company and the defendant company both maintained their wires over building No. 41 by implied permission of the owners or occupants of that building; in other words, that they were licensees. This was in substance the situation at the former trial, though, perhaps, it was not brought out so sharply.

The matters most strongly urged as new or as not developed at the former trial consist of evidence, tending to show that there had been a joint use to a greater or less extent prior to the accident by the defendant and the telephone company of structures throughout the city, the structures sometimes belonging to one and sometimes to the other; that the telephone company had so used the standard belonging to the defendant on the building No. 45 Temple Place; that linemen in the discharge of their duties go everywhere upon roofs where there are wires, and from roof to roof as may be necessary to reach a particular fixture, though whether with or without the permission of the owners or occupants of the buildings did not appear, and that the alternating wires which were strung from the fixture on the building No. 45 Temple Place to that on No. 34 Temple Place, and from one of which the plaintiff received the shock which caused the injury, had been strung only a short time before the

accident, and were amongst the telephone wires which had been there a long time. This evidence was material only as tending to show that the defendant had reasonable cause to expect that the plaintiff would approach the fixture on No. 45 at the place and in the manner in which he was approaching it when he was injured, and had invited or licensed him to go there for the purpose of attaching the telephone wire to that fixture. The evidence failed to show that. There was nothing tending to show that the defendant invited or licensed the plaintiff to go everywhere over the roofs in the city where there were wires, or that it had any authority to do so. It was not enough to show that the defendant had reasonable cause to expect that the plaintiff in the discharge of his duties would go rightly or wrongly upon roofs covered by its wires. The plaintiff was bound to go further, and show that the defendant had invited or licensed him to go where he was when he was injured. It was held in the former opinion that it was not the duty of the defendant to have its wires properly insulated over their whole circuit, or to have them placed so far above the roofs of buildings which they covered that the plaintiff and other linemen would not come in contact with them. It limited the duty and liability of the defendant to cases in which it had permitted or licensed the telephone company to use its fixtures, and to places where it had reasonable cause to expect that the servants of the telephone company would go in the discharge of their duties in connection with wires attached to the defendant's fixtures and to which it had invited or licensed them to go. And as applied to the evidence now before us we see no reason to modify or change the views then expressed, and no ground on which the defendant can be held liable.

We have not considered the question of due care on the part of the plaintiff. We doubt whether a finding that he was in the exercise of due care would be warranted. The view which we have taken of the effect of the former decision renders it unnecessary, however, to consider that question.

*Exceptions overruled.*